IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**QUIANA N. RIGGINS,**

    **Petitioner,**

**vs.**                               **Case No. 4:11cv641-RH/WCS**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

This cause was initiated by the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion to proceed in forma pauperis. Docs. 1 and 4. Petitioner was advised that the fee for filing a habeas corpus petition is $5.00, and later directed to either pay that amount or show cause, in light of her inmate account statement, why she could not. Doc. 5 (incorporated by reference). Petitioner has not paid the fee, and has not attempted to show cause.

Petitioner was also directed to file an amended petition, and the amended Petitioner has been filed. Docs. 5 and 6. The amending order noted that Petitioner said she did not file a § 2255 motion, and advised that she could not proceed in habeas

corpus with a claim challenging her sentence (imposed by the Southern District of Florida) if she "has failed to apply for relief, by motion, to the court which sentenced [her], or that such court has denied [her] relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of [her] detention."  Doc. 5, p. 2, citing § 2255(e).[1]  Petitioner had not completed the portions of the form relevant to this issue.  *Id.*  She was directed to complete all relevant portions of the form, and to "specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested; be printed, typewritten, or legibly handwritten;" and signed under penalty of perjury.  *Id.* , citing § 2254 Rule 2(b) (paragraph numbers omitted) (other citations omitted).  She was advised that the proper Respondent to be named is generally the warden of the institution, as the person having official custody.

The amended petition is essentially identical to the initial petition.  Petitioner does not name the warden as Respondent, does not state facts in support of her claim, and does not write anything in the space indicated on the form – or otherwise address – why the § 2255 remedy is inadequate or ineffective.  Doc. 6, pp. 1, 3-4.  Petitioner has not sought § 2255 relief in the sentencing court, and has not demonstrated, or even alleged, that the § 2255 remedy is inadequate or ineffective to test the legality of her detention.

---

[1] Petitioner indicates she has not filed a § 2255 motion.  Doc. 1, p. 2; doc. 6, p. 2.

It is therefore respectfully **RECOMMENDED** that Petitioner's motion to proceed in forma pauperis, doc. 4, be **DENIED**, and the amended § 2241 petition for writ of habeas corpus, challenging Petitioner's sentence out of the Southern District of Florida, be summarily **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 1, 2012.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendation within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendation.**